(221 P.3d 606)
No. 102,285

State of Kansas, *Appellant*, v. Joseph C. Chavez-Zbarra, *Appellee.*

Opinion filed December 11, 2009.

*Douglas A. Matthews*, county attorney, and *Steve Six*, attorney general, for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.

Before Hill, P.J., Caplinger and Leben, JJ.

Hill, J.: This is a State appeal of a district court's order suppressing all evidence seized by a police officer after he made a traffic stop of the defendant for crossing the center line on a two-lane road. Because the court here confused failing to drive on the right half of the road, in violation of K.S.A. 8-1514, with a lane violation defined by K.S.A. 8-1522, we hold the court improperly suppressed the evidence and reverse and remand.

*The deputy saw the defendant's car cross the center line.*

Barton County Sheriff's Deputy Thomas Fischer was patrolling northbound on U.S. Highway 281 just inside the city limits of Great Bend a little after 2 a.m. one morning in September 2008. The deputy saw a southbound Dodge Durango on Highway 281 cross the center line and then return to the southbound lane. Highway

281 is a two-lane road at that location. The deputy turned around, activated his emergency lights, and stopped the Dodge because it had crossed the center line. The driver was the defendant, Joseph C. Chavez-Zbarra. Eventually, after further investigation, the deputy arrested the defendant for driving under the influence of alcohol, defined by K.S.A. 2008 Supp. 8-1567; driving left of center, contrary to K.S.A. 8-1514; and driving while his license was suspended, in violation of K.S.A. 2008 Supp. 8-262.

The defendant filed a motion to suppress evidence based on his argument that the deputy lacked reasonable suspicion for the traffic stop. The district court agreed and sustained the motion. While making its ruling the court referred to a Court of Appeals case:

"Unfortunately, this is a case, after the testimony of Deputy Fischer, that we had just recently the same way is that it falls exactly into the decision that was handed down by the Court of Appeals that says that stopping a vehicle for one-time drifting across the lane, the center of the lane does not give reason to stop a vehicle and does not present reasonable cause to stop the vehicle and check for anything, and this goes right there. So — and it does away with the reasonableness of the stop, and I have to follow that, and this is — this takes care of the motion to suppress. And it's a very — well, it's not that recent anymore, but it's fairly recent, the case, and I cannot tell you what the name of the case is, but I can give it to you this afternoon."

In its written order, the court suppressed "all evidence seized subsequent to the initial illegal stop of the defendant's vehicle."

In this appeal, the State contends there was reasonable suspicion to stop Chavez-Zbarra for a violation of K.S.A. 8-1514 based on his single instance of crossing the center line. The State contends that both Chavez-Zbarra and the district court were "confused as to which statute was at issue" when applying *State v. Ross*, 37 Kan. App. 2d 126, 149 P.3d 876, *rev. denied* 284 Kan. 950 (2007).

*We employ an unlimited standard of review.*

The parties do not dispute the facts here which leaves simply a question of law. See *State v. Thompson*, 284 Kan. 763, 771-72, 166 P.3d 1015 (2007); *State v. Huff*, 278 Kan. 214, 219, 92 P.3d 604 (2004).

The reason for the traffic stop in this case was an apparent violation of K.S.A. 8-1514. The portion of the statute applicable here is:

"(a) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:

(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

(2) When an obstruction exists making it necessary to drive to the left of the center of the highway, except that any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard."

Our Supreme Court has most recently considered this statute in *State v. Hopper*, 260 Kan. 66, 917 P.2d 872 (1996). In that case, Hopper was charged with driving left of center in violation of K.S.A. 8-1514. On appeal, the court held that failure to drive on the right side of the road is an absolute liability offense. 260 Kan. at 70-72. The court stated: "The only proof required to convict an individual of an absolute liability offense is that the individual engaged in the prohibited conduct." 260 Kan. at 70. Despite road conditions that may have existed at the time of the stop, the court held there was reasonable suspicion that Hopper violated K.S.A. 8-1514 due to (1) evidence Hopper drove left of center, and (2) no evidence to support the application of any of the exceptions listed in the statute. 260 Kan. at 72-73.

Likewise, it is undisputed that Chavez-Zbarra crossed the center line of the highway on a two-lane road. There is no evidence to support the application of any exception listed in K.S.A. 8-1514 (*i.e.*, there is no evidence Chavez-Zbarra was passing another vehicle proceeding the same direction, there is no evidence there was an obstruction making it necessary for Chavez-Zbarra to drive left of center). Thus, it is clear that Chavez-Zbarra violated K.S.A. 8-1514. This violation gave rise to reasonable suspicion to stop Chavez-Zbarra. After all, Kansas law provides that an officer may stop any person whom the officer "reasonably suspects is committing, has committed or is about to commit a crime." K.S.A. 22-2402 (1).

Even though the district court gave no citation for the case it was relying upon, it seems likely it was referring to *Ross*. When Ross' vehicle was stopped after it crossed the fog line one time, a panel of this court held the officer lacked reasonable suspicion for a violation of K.S.A. 8-1522 because there was no testimony that there was a hazard to Ross, there was no testimony the officer was concerned Ross was asleep or intoxicated, the vehicle was not weaving, and Ross only crossed the fog line once and for a short time. 37 Kan. App. 2d at 127, 130-31.

Simply put, *Ross* is inapplicable here. First, Ross allegedly violated K.S.A. 8-1522. When a motorist is charged with violating K.S.A. 8-1522, the court must consider the circumstances surrounding the violation when determining whether reasonable suspicion supported the stop because the statute only requires the motorist to drive "as nearly as practicable" within the lane. Chavez-Zbarra, on the other hand, was charged with violating K.S.A. 8-1514 and the testimony supported this charge. Failure to comply with K.S.A. 8-1514 is an absolute liability offense. *Hopper*, 260 Kan. at 70-72.

Second, Ross' violation occurred when he crossed the "white line at the right edge of the *outside lane*," indicating he was driving on a road with two lanes traveling in the same direction. (Emphasis added.) 37 Kan. App. 2d at 127. K.S.A. 8-1522 is the applicable statute when a motorist commits a lane violation. See K.S.A. 8-1522 (stating, "Whenever any roadway has been divided into two [2] or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply"). Chavez-Zbarra crossed the center line of the highway on a two-lane road. K.S.A. 8-1514 is the applicable statute when a motorist crosses the center line of a roadway.

The district court erred when it sustained the motion to suppress on these grounds.

Reversed and remanded.